IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEMAJ WRIGHT | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **FAMILY DOLLAR STORES, INC.** | ) |
| | ) |
| *Serve Registered Agent:* | ) |
| Corporation Service Company | ) |
| 2900 SW Wanamaker Drive Ste. 204 | ) |
| Topeka, KS 66614 | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

# COMPLAINT

Plaintiff Semaj Wright, by counsel, states the following as his Complaint against Defendant Family Dollar Stores, Inc.

## *Introduction*

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), seeking declaratory, injunctive, equitable and monetary relief as remedies for Defendant's unlawful discriminatory employment practices. As pled below, Defendant unlawfully discriminated against Plaintiff because of his race.

## *Parties, Jurisdiction and Venue*

2. Plaintiff Semaj Wright is a black male and a citizen of the United States of America. He is a resident of the state of Missouri. At all times relevant to this Petition, Plaintiff was employed by Defendant Family Dollar Store Inc. and worked at its store located at 3129 State Avenue, Kansas City, KS 66102.

1

3. Defendant Family Dollar Store Inc. ("Family Dollar") is a North Carolina corporation, registered to conduct business in the State of Kansas.

4. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in the District of Kansas, pursuant to 28 U.S.C. § 1391(b), because Defendant does businesses in this judicial district within the State of Kansas and the claims arose in this judicial district.

*Administrative Procedures*

6. On August 9, 2019, Plaintiff timely filed with the United States Equal Employment Opportunity Commission (EEOC) a charge alleging discrimination on the bases of race. A copy of the charge of Discrimination is attached hereto as Exhibit A (Charge Number 563-2019-02790).

7. On September 4, 2020, Plaintiff requested that the EEOC issue its Notice of Right to Sue.

8. On September 16, 2020, the EEOC issued a Notice of Right to Suit stating that Plaintiff is entitled to file a civil action on the claims asserted in his Charge of Discrimination under Title VII. A copy of the Notice of Right to Sue is attached hereto as Exhibit B.

*Factual Background*

9. Plaintiff was hired by Defendant on December 11, 2018 to work at Defendant's store located at 3129 State Avenue, Kansas City, KS 66102.

10. Based on his race, Plaintiff was the subject of discrimination, harassment and retaliation during his employment with Defendant.

11. Personnel who committed discriminatory acts and omissions pertinent to this litigation include, without limitation, Teri Wilson, a white woman and the General Manager of the above referenced store who was Plaintiff's direct supervisor.

12. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to direct and indirect racial discrimination by Ms. Wilson, including, without limitation, racist comments and discriminatory treatment of Black and Latino customers.

13. Ms. Wilson often instructed her employees to "watch that guy" whenever a Black or Latino man entered the store. Ms. Wilson did not provide this same instruction when white customers entered the store.

14. On December 25, 2018, Ms. Wilson, mistakenly believing she was sending a private message to one of the other white employees, sent a text message to a group of the store's employees, including Plaintiff, in which she stated, "Well you tell that nigga I said…your ass is working…use his momma phone."

15. Shortly thereafter, Ms. Wilson sent a second text stating, "And dang Kristen…I thought this was your PRIVATE messages…ugh…oh well…still tell him I said that BOYYYY!!"

16. A few minutes later, Ms. Wilson sent another text stating, "Gnight…and sorry yall but this is just how we talk off the group chat…didn't mean to let my hood out all up in here…dammit. . ."

17. Due to Ms. Wilson's racially discriminatory behavior towards Black and Latino customers and the text messages referenced above, Plaintiff reasonably concluded the working conditions were so intolerable that he was compelled to resign on January 9, 2019.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

18. Plaintiff hereby adopts and incorporates by reference, as if fully set forth herein, the above-stated paragraphs of his Petition.

19. Defendant Family Dollar is an employer within the meaning of Title VII.

20. During the course of Plaintiff's employment, he was subjected to a pattern and practice of intentional discrimination based on race, in violation of Title VII.

21. Plaintiff is African American.

22. Plaintiff was mistreated, harassed, and demeaned because of his race.

23. Plaintiff was treated differently on the basis of his race in that he was subjected to discriminatory acts and unwelcome conduct that had the purpose or effect of substantially interfering with his work performance or creating an intimidating, hostile, or offensive work environment. Plaintiff's race was a motivating factor in the unwelcome conduct and discriminatory acts.

24. A term, condition, or privilege of Plaintiff's employment was affected by the race discrimination.

25. Defendant knew or should have known of the discrimination and failed to take appropriate action.

26. Defendant further failed to prevent racial discrimination by failing to appropriately monitor employees and enforce existing policies.

27. Defendant, by its statements, actions and omissions, racially discriminated against, or caused the racial discrimination experienced by Plaintiff.

28. Upon information and belief, Defendant's discriminatory actions against Plaintiff fall within a larger pattern and practice of wrongdoing Defendant has directed against other similarly situated employees.

29. Defendant is vicariously liable for the acts of its supervisory/managerial agents or employees, through whom the above unlawful actions were taken.

30. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered pecuniary and non-pecuniary losses that include, but are not necessarily limited to, lost back pay and front pay, mental suffering, emotional distress, anxiety, shame, humiliation and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

31. In undertaking these unlawful actions, Defendant acted with evil motive or in reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

32. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

## COUNT II
## RACE DISCRIMINATION CAUSING HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33. Plaintiff hereby adopts and incorporates by reference, as if fully set forth herein, the above-stated paragraphs of his Petition.

34. Plaintiff was subject to unwelcome conduct and discrimination that had the purpose or effect of substantially interfering with Plaintiff's work performance or creating an intimidating, hostile or offensive work environment.

35. Plaintiff's race was a motivating factor in the unwelcome conduct and discrimination.

5

36. Defendant knew or should have known of the discrimination and failed to take appropriate action.

37. Defendant further failed to prevent racial discrimination by failing to appropriately monitor employees and enforce existing policies.

38. Defendant, by its statements, actions and omissions, racially discriminated against, or caused the racial discrimination experienced by Plaintiff.

39. Defendant, by its statements, actions, and omissions, made Plaintiff's submission to the offensive and hostile working environment a term or condition of Plaintiff's employment.

40. Defendant's conduct described herein would have offended a reasonable person of the same race in Plaintiff's position.

41. Defendant is vicariously liable for the acts of is supervisory/managerial agents or employees, through whom the above unlawful actions were taken.

42. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered pecuniary and non-pecuniary losses that include, but are not necessarily limited to, lost back pay and front pay, mental suffering, emotional distress, anxiety, shame, humiliation and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

43. In undertaking these unlawful actions, Defendant acted with evil motive or in reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

44. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief.

## COUNT III
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45. Plaintiff hereby adopts and incorporates by reference, as if fully set forth herein, the above-stated paragraphs of his Petition.

46. Plaintiff was subjected to an offensive, hostile, degrading and intimidating work environment in which he was discriminated against based on his race.

47. By failing to stop the offensive conduct, Defendant exacerbated the hostile environment and racial discrimination.

48. Defendant constructively discharged Plaintiff.

49. Plaintiff's race was a motivating factor in the Defendant's constructive discharge of Plaintiff.

50. Defendant, by a continuous pattern of discriminatory and hostile treatment rendered Plaintiff's working conditions so intolerable that Plaintiff was forced to quit his job.

51. A reasonable person of the same race and in the same position would have found Plaintiff's working conditions intolerable.

52. Defendant, by its statements, actions and omissions, created working conditions at Family Dollar that a reasonable person in his situation would find intolerable.

53. Defendant, by its statements, actions and omissions demonstrated a continuous pattern of discriminatory treatment such that Defendant could reasonably foresee that its actions and omissions would cause Plaintiff to quit.

54. Defendant, by its statements, actions and omissions, rendered Plaintiff's working conditions so intolerable that Plaintiff was compelled to quit his job.

55. Defendant's conduct has caused Plaintiff to experience emotional distress, degradation, humiliation, fear, stress, pain, anguish, frustration and anxiety.

56. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered pecuniary and non-pecuniary losses that include, but are not necessarily limited to, lost back pay and front pay, mental suffering, emotional distress, anxiety, shame, humiliation and inconvenience. Plaintiff is entitled to an award of monetary damages and equitable relief.

57. In undertaking these unlawful actions, Defendant acted with evil motive or in reckless indifference to Plaintiff's statutorily protected rights. Plaintiff is also entitled to an award of punitive or exemplary damages.

58. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as all other appropriate equitable relief

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court:

1. Assume Jurisdiction over this action;

2. Award nominal and actual damages;

3. Order Defendant to make Plaintiff whole by providing him with all lost wages, earnings, and payment of all benefits she would have received had it not been for Defendant's unlawful actions, with pre-judgment interest and post-judgment interests, in an amount to be proven at trial;

4. Award compensatory damages for Plaintiff's non-pecuniary losses, including, but not limited to, pain and suffering, distress, anxiety, shame, humiliation, stress, career damage, degradation, and loss of enjoyment of life in a mount to be proven at trial;

5. Award Plaintiff his reasonable attorneys' fees, including expert witness fees, if any, and the costs of this action;

6. Award Plaintiff punitive and/or exemplary damages in amount sufficient to compensate the harm inflicted, punish defendant, and deter future unlawful conduct;

7. Declare that Defendant has violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964; and

8. Grant such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Semaj Wright demands a trial by jury.

Respectfully submitted,

**LAW OFFICES OF DOUGLAS L. CARTER, P.C.**

By: /s/ Jonathan K. McCoy
Douglas L. Carter    KS #19023
Jonathan K. McCoy  KS #18573
2345 Grand Blvd., Suite 1675
Kansas City, Missouri 64108
Tel:  (816) 283-3500
Fax: (816) 283-3084
E-mail: doug@carter.law
            jon@carter.law

*COUNSEL FOR PLAINTIFF*